OPINION OF THE COURT
John S. Lockman, J.
Motion by counsel for plaintiff for an order pursuant to Judiciary Law § 474-a increasing the attorney’s fee award in this matter above the statutory schedule is denied.
This application to increase attorney’s fees presents in a context of a medical malpractice action which resulted in a $2,225,000 settlement. The statutory fee schedule set forth in Judiciary Law § 474-a results in an approximate fee award of $372,500. This application to increase the fee is supported by the affirmation of counsel which in effect avers that the unusually complex medical issues in multiple disciplines resulted in an increased amount of effort over an extended period of time devoted exclusively to this case.
A review of authority concerning the statutory scheme precludes any increased compensation.
“Inadequacy of the statutory fee schedule is the touchstone of the section 474-a (4) inquiry. The analysis must begin with the recognition that the section 474-a (2) scheduled fees are presumptively reasonable in all malpractice cases * * * To succeed on a request for excess compensation, then, the applicant bears the burden of rebutting that presumption by establishing that the fee schedule was inadequate to compensate counsel for the representation provided in the particular case * * * Thus, before departing from the statutory fee schedule, the court must make a threshold finding that a departure from the fee schedule is justified because the authorized fee did not equitably compensate counsel * * *
“The considerations which are relevant to an assessment of the adequacy of the section 474-a (2) fees are those related to the economics of the litigation and any concomitant financial hardship suffered by plaintiffs counsel.” (Yalango v Popp, 84 NY2d 601, 607-608; emphasis supplied.)
While the skill of counsel in this matter is considerable and a significant factor in the size of the settlement fee, an attorney’s success “is already accounted for under the graduated fee schedule which authorizes compensation based on a percentage of the recovery fund” (Yalango v Popp, supra, at 610). Moreover, medical malpractice actions “are by their nature complex, warranting extensive and sophisticated preparation *254 * * * [and] it is customary for parties to ‘produce the testimony of various experts and to be technically well prepared to develop that testimony or to cross-examine witnesses’ ” (supra, at 610).
Counsel for plaintiff avers that “in the month before this case went to trial, the trial team headed by your Affiant dedicated its time exclusively to the Pugliese case to the complete exclusion of any other matter” (emphasis in original). Counsel avers that this “work ethic” continued throughout the trial of one month from jury selection to the “ultimate disposition of the case.” Counsel is not specific about the number of attorney hours spent in this matter, and while it is acknowledged that he was assisted by a second attorney at trial, it is unclear whether this constitutes a service “properly chargeable to * * * the prosecution of the action” (Yalango v Popp, supra, at 606). In any event, assuming arguendo a $300 per hour legal fee, the award in this case would compensate for approximately 1,242 hours of legal services. Assuming 10-hour days, such fee would cover 25 weeks or six months for one attorney, or 12V2 weeks or three months for two. It has not been established that the legal services were greater, and thus “inadequacy” of the attorney fee award derived by applying the mandatory fee schedule is not shown. Accordingly, the motion is denied.